In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00542-CR




JARRED JACKSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 174th District Court
Harris County, Texas
Trial Court Cause No. 01074269


 

MEMORANDUM OPINION

          A jury found appellant, Jarred Jackson, guilty of aggravated robbery and
assessed punishment of 35 years in the Texas Department of Criminal Justice,
Institutional Division. See Tex. Pen. Code Ann. § 29.03 (Vernon 2003). In his sole
issue on appeal, appellant contends that the trial court abused its discretion by
refusing to grant his request for a mistrial following the replacement of a juror after
the jury was sworn. We affirm.
Background
          Appellant was charged with aggravated robbery. After the jury was selected
and sworn, but before any testimony was heard, the trial court noticed that one of the
jurors was uncomfortable and asked her to explain. The juror expressed that her son
was a convicted felon who served seven months for drug charges. The trial court
explained that the law required her to base her verdict on the evidence, her evaluation
of the witnesses, and the court’s instructions, and inquired whether she could put her
feelings aside to do so; she responded that, emotionally, she could not. After both
parties declined an opportunity to question the juror, the State made a motion to
excuse the juror and seat the alternate. The court overruled appellant’s objection,
dismissed the juror, and seated the alternate. Appellant then moved for a mistrial,
which the trial court denied. Juror Disability
          In his sole issue, appellant argues that the trial court erred in refusing to grant
his request for a mistrial following the dismissal of a juror after the jury had been
sworn. Specifically, appellant argues that the trial court abused its discretion by
excusing a juror without the requisite showing of illness or disability and by 
replacing the juror after the jury had been sworn, in violation of article 36.29 of the
Texas Code of Criminal Procedure.


 We disagree.
Standard of Review
          We review a trial court’s denial of a mistrial under an abuse of discretion
standard. Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). A trial court
abuses its discretion when its decision lies outside the zone of reasonable
disagreement. Casey v. State, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007). Absent
an abuse of the trial court’s discretion, no reversible error will be found. Brooks v.
State, 990 S.W.2d 278, 286 (Tex. Crim. App. 1999). 
Analysis
          Under article 36.29(a) of the Texas Code of Criminal Procedure, if a juror dies
or becomes disabled from sitting, the remaining jury has the power to render a
verdict. Tex. Code Crim. Proc. Ann. art. 36.29(a) (Vernon Supp. 2007). A juror
is disabled if she has a “physical illness, mental condition, or emotional state” which
hinders her ability to perform her duties as a juror. Hill v. State, 90 S.W.3d 308, 315
(Tex. Crim. App. 2002). A disability, for purposes of article 36.29, includes “any
condition that inhibits a juror from fully and fairly performing the functions of a
juror.” Routier v. State, 112 S.W.3d 554, 588 (Tex. Crim. App. 2003). 
          Here, the discomfort of the juror was obvious to the trial court. When the trial
court sought to determine the source of the juror’s discomfort, she expressly stated
that she was still emotionally affected by the experience of her son’s drug conviction
and that she could not put her feelings aside and return a verdict based on the law and
evidence. Because the juror’s emotional state prevented her from fully and fairly
performing the necessary functions of a juror, she was properly determined to be
disabled within the meaning of article 36.29. Therefore, the trial court did not abuse
its discretion in dismissing the juror and properly denied appellant’s request for a
mistrial. 
          We overrule appellant’s sole issue. 
Conclusion 
          We affirm the judgment of the trial court.
 

                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Nuchia, Hanks, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).